UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Flagstar Bank, FSB</u>

    v.                                                  Case No. 09-mc-13-JM

<u>FREESTAR Bank, N.A.</u>

### **O R D E R**

Defendant moves to quash a subpoena served on The Tracey Edwards Company ("Tracey Edwards") because it calls for production of four allegedly privileged documents. Plaintiff objects.

### **Background**

Tracey Edwards was retained by defendant to assist it in choosing a new name and mark and for marketing services. Jason Knights, one of the account executives of Tracey Edwards, worked with defendant for over a year in that effort. He worked closely with defendant's Chairman of the Board, Ed Vogelsinger. The latter conferred with and received advice from Malcolm McCaleb, Jr. Esquire. Scott Dixon, the Executive Vice President of Pontiac national Bank, received a letter from Mr. Knights and one from another attorney for defendant, Robert A. Kearney, Esq.

When plaintiff subpoenaed Tracey Edwards and sought its file

duces tecum, the following privileged log was produced:

**PRIVILEGE LOG OF TRACEY EDWARDS COMPANY, INC.'S FILE**

| *Date* | *Author* | *Recipient* | *Type of Documents/Contents* | *Description* | *Reason* |
|---|---|---|---|---|---|
| 04/13/06 | Malcolm McCaleb, Jr., Esquire | H. Edward Vogelsinger | Letter | Proposed Bank Name and Service Mark FREESTAR | Attorney-client privilege |
| 04/13/06 | H. Edward Vogelsinger | Jason Knights | Handwritten note on 4/13/06 McCaleb letter | Commenting on thoughts passed along by attorney | Attorney-client privilege |
| 09/04/07 | Robert A. Kearney | Scott Dixon | Email | Concerns Flagstar's requests for information on documents related to domain names | Attorney-client privilege |
| 09/05/07 | Jason Knights | Scott Dixon | Email | Response regarding Flagstar's requests for information on documents related to domain names | Attorney-client privilege |

**Discussion**

"The burden is on ... (defendant), as the party claiming attorney-client privilege, to establish that the privilege exists and covers the statements at issue here."  United States v. Bisanti, 414 F.3d 168, 170 (1st Cir. 2005) (citation omitted).  The essential elements of the claim of **attorney-client privilege** are as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.  J.H. Digman, Excellence, § 2292, at 554 (McDaughton res. 1961).

Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002).  "Generally, disclosing attorney-client communications to a third party undermines the privilege."  Id., at 246-47 (citation omitted).  There are recognized exceptions to the general rule.

Defendant asserts that disclosure to third party agents of a client does not constitute a waiver of privilege, relying for

authority on a treatise.  See Paul R. Rice, Attorney-Client Privilege in the U.S. § 419 (2nd ed. 1999).  Rice asserts that whether a third party's communications with a lawyer should be treated the same as for an insider in the control group should be assessed on the basis of whether he:

> (1) possess(es) decision-making responsibility regarding the matter about which legal help is sought, (2)...(is) implicated in the chain of command relevant to the subject matter of the legal services, or (3)...(is) personally responsible for or involved in the activity that might lead to liability for the corporation.

Id.  While this test has not been specifically adopted by the First Circuit, the Circuit has recognized the logic of the privilege not being waived by the presence of third parties in some circumstances.  See Cavallaro, 284 F.3d. at 247.  The test is consistent with Circuit law and I apply it here.

The facts demonstrate that the third party, Tracey Edwards Executive Knight, was intimately involved in the very activity – choosing a name – which is the basis for alleged liability.  It is equally clear that he was in the direct chain of command in selecting the name.  Two of the three prongs are clearly

4

satisfied.  However, defendant has claimed the documents are privileged but has neither filed them <u>in camera</u> nor described them sufficiently.  Without examining them, I cannot determine they are communications in connection with the obtaining of legal advice from a lawyer.  <u>Id</u>.  It is also not clear that Knight had decision-making responsibility regarding the subject of the requested legal help.

Defendant is ordered to file the documents for <u>in camera</u> review.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: May 7, 2009

cc:   Holly J. Kilibarda, Esq.
      Robert A. Kearney, Esq.
      Stephen David Coppolo, Esq.
      William C. Saturley, Esq.