UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Flagstar Bank, FSB

    v.     Case No. 09-mc-013-JM

FREESTAR Bank, N.A.

**O R D E R**

Defendant moves for reconsideration of my May 13, 2009 Order. For reasons set forth, the motion is denied.

1. The emails of 9/4/07 and 9/5/07.

Defendant offered no arguments with respect to these emails in its motions of March 16th, to quash the subpoena. Making an argument for the first time in a motion for reconsideration is not favored. The First Circuit has

> repeatedly held that once the ball has ended, the district court has substantial discretion in deciding whether to strike up the band again in order to allow the losing party to argue new material or a new theory. (Citations omitted).

Appeal of Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987). Here, the original motion was wholly unsupported by any argument. Furthermore, contrary to defendant's assertion, the content of communications is not irrelevant. "Communications from attorney

to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." United States v. Defazio, 899 F.2d 626, 635 (7th Cir. 1990; Judson Atkinson Candies, Inc. v. Latini-Hokberger Dkimantic, 529 F.3d 371, 388 (7th Cir. 2008).  As the First Circuit stated:

> The dimensions of the privilege itself are reasonably well honed.  The privilege protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice.

In re Keeper Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003).

If there is some aspect of the emails that is privileged, defendant has not pointed it out.

   2.   April 13, 2006 letter

While I did erroneously frame the three-part Rice test as disjunctive in my May 7th Order[1], my May 13th Order is not based upon the Rice test.  Instead, it is clear that I did not find that the letter or the handwritten note related to legal advice.  Again, not until the motion for reconsideration did defendant give any hint at what portion of the April 13th letter it alleged related to legal advice.  Revealing the fact of a conversation

---

[1]The motion for reconsideration of that order is untimely.

does not waive the privilege as to the content of the conversation.

The motion for reconsideration (document no. 15) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 17, 2009

cc:   Holly J. Kilibarda, Esq.
      Robert A. Kearney, Esq.
      Stephen David Coppolo, Esq.
      William C. Saturley, Esq.