UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Flagstar Bank, FSB</u>,
    Plaintiff

    v.                              Civil No. 09-cv-225-SM
                                           Opinion No. 2009 DNH 168
<u>FREESTAR Bank, N.A.</u>,
    Defendant

## <u>O R D E R</u>

Plaintiff Flagstar Bank, FSB ("Flagstar") filed suit against Defendant FREESTAR Bank, N.A. ("Freestar") in the U.S. District Court for the Central District of Illinois alleging, among other things, trademark infringement. As part of discovery in that suit, Flagstar served a subpoena <u>duces tecum</u> on The Tracey Edwards Company, Inc. ("Tracey Edwards"), a Bedford, New Hampshire, marketing firm that assisted Freestar in choosing a new name and logo. Freestar then moved, in this court, to quash the subpoena served on Tracey Edwards. The magistrate judge denied Freestar's motion to quash and Freestar's motion for reconsideration. Before the court is Freestar's timely objection to the magistrate judge's order. Fed. R. Civ. P. 72(a). For the reasons set forth below, the magistrate judge's order is affirmed.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The subpoena served on Tracey Edwards requested:

> All documents and things including, but not limited to,
> correspondence, memoranda, surveys, tests, studies and
> reports, which evidence, refer or relate to the
> creation and/or selection of the name Freestar Bank and
> the mark Freestar Bank "Life Keeps Getting Better," as
> well as any names or marks which were considered and
> rejected by the Tracey Edwards Company, Inc. and/or
> Freestar Bank.

(Pl.'s Resp. to Def.'s Obj. (document no. 22), Ex. B.)  In
response to the subpoena, Tracey Edwards produced some documents
but withheld four it claims are privileged.  (See id., Ex. E.)
The withheld documents are: (1) an April 13, 2006, letter from
Malcolm McCaleb, an attorney with Barack Ferrazano Kirschbaum &
Nagelberg, LLP ("Barack Ferrazano"[1]), to Edward Vogelsinger,
Freestar's president; (2) a handwritten note from Vogelsinger to
Tracey Edwards employee Jason Knights, on the April 13 letter;
(3) a September 4, 2007, email from Barack Ferrazano attorney
Robert Kearney to Vogelsinger and Scott Dixon, Freestar's vice
president; and (4) a September 5 email from Knights to Dixon.

On March 16, 2009, Freestar moved to quash the subpoena
served on Tracey Edwards.  It argued that the subpoena should be
quashed because the April 13 letter was subject to the attorney-

---

[1] Barack Ferrazano is the Chicago, Illinois, law firm that
advised Freestar throughout the trademark registration process.

2

client privilege.  Flagstar objected, arguing that the
handwritten note and the September 5 email were not privileged
and that Freestar waived any privilege with respect to the April
13 letter and September 4 email by disclosing them to Knights.
In a May 7 order, the magistrate judge stated that he could not
rule on the motion to quash without first examining the four
documents <u>in camera</u>.

       Following <u>in camera</u> review of the documents, the magistrate
judge denied the motion to quash, ruling that none of the four
documents were privileged.  Freestar sought reconsideration,
which the magistrate judge denied.  Freestar objected to the
magistrate judge's order, pursuant to Rule 72(a) of the Federal
Rules of Civil Procedure.[2]

## II.  <u>STANDARD OF REVIEW</u>

       A district judge may modify or set aside a magistrate
judge's order that is "clearly erroneous or is contrary to law."
Fed. R. Civ. P. 72(a).  Under the clearly erroneous standard, the

---

[2] Freestar also moved to quash a subpoena served on Barack
Ferrazano in the Northern District of Illinois.  While the
objection to the magistrate judge's order in this case was
pending, a magistrate judge in the Northern District of Illinois
issued an order denying in part the motion before him.  (Memo.
Op. & Order (document no. 29-2), at 2.)  He ruled that Freestar
waived any privilege with respect to the April 13 letter and note
when it disclosed the letter to Knights.  (<u>Id.</u> at 13–14.)  The
September 4 and 5 emails were not at issue in that motion.

court "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the court] form[s] a strong unyielding belief that a mistake has been made."  Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (citation and internal quotation omitted).

III. **DISCUSSION**

Freestar contends that the magistrate judge erred by failing to determine that the April 13 letter is presumptively privileged.  Further, Freestar argues that the magistrate judge erred by ruling that it had waived its claim that the September 4 and 5 emails are privileged, and by finding that the emails were not communicated for the purpose of seeking legal advice. Finally, Freestar argues that the magistrate judge erred by ruling that trademark searches are not privileged.

### A.    Attorney-Client Privilege

The attorney-client privilege primarily protects communications by a client to his or her lawyer for the purpose of procuring legal advice; it secondarily protects communications by a lawyer to his or her client as needed to prevent inferential disclosure of what the client said to the lawyer.  See United States v. Billmyer, 57 F.3d 31, 36 (1st Cir. 1995).  "By

4

safeguarding communications between client and lawyer, the
privilege encourages full and free discussion, better enabling
the client to conform his conduct to the dictates of the law and
to present legitimate claims and defenses if litigation ensues."
XYZ Corp. v. United States (In re Keeper of the Records (Grand
Jury Subpoena Addressed to XYZ Corp.)), 348 F.3d 16, 22 (1st Cir.
2003) (citing Upjohn Co. v. United States, 449 U.S. 383, 389
(1981)).

     This circuit follows a multi-part test for determining
whether a communication by a client to his or her lawyer is
privileged:

> (1) Where legal advice of any kind is sought (2) from a
> professional legal adviser in his capacity as such, (3)
> the communications relating to that purpose, (4) made
> in confidence (5) by the client, (6) are at his
> instance permanently protected (7) from disclosure by
> himself or by the legal adviser, (8) except the
> protection be waived.

Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002)
(quoting 8 J.H. WIGMORE, EVIDENCE § 2292, at 554 (McNaughton rev.
1961)).  But where, as in this case, a party asserts privilege
with respect to a document provided by the lawyer, that party
must show:

> (1) that [the party asserting privilege] was or sought
> to be a client of [the attorney]; (2) that [the
> attorney] in connection with the [document] acted as a

lawyer; (3) that the [document] relates to facts
communicated for the purpose of securing a legal
opinion, legal services or assistance in legal
proceedings; and (4) that the privilege has not been
waived.

Maine v. U.S. Dep't of the Interior, 298 F.3d 60, 71 (1st Cir.

2002) (quoting United States v. Bay State Ambulance & Hosp.

Rental Serv., Inc., 874 F.2d 20, 27–28 (1st Cir. 1989)).


As the party asserting the attorney–client privilege,

Freestar has the burden to prove that the privilege exists.

United States v. Bisanti, 414 F.3d 168, 170 (1st Cir. 2005)

(citing In re Keeper of the Records, 348 F.3d at 22).  If

Freestar fails to meet its burden as to any one element, it

cannot invoke the privilege.  United States v. Wilson, 798 F.2d

509, 513 (1st Cir. 1986).


**B.   The April 13 Letter and Note**

Freestar first argues that the magistrate judge's ruling

regarding the April 13 letter and note is clearly erroneous,

because he failed to determine that the letter is presumptively

privileged.  Freestar relies upon United States v. Chen, 99 F.3d

1495 (9th Cir. 1996).  Flagstar responds that the burden is on

Freestar to prove that the letter and note pertain to legal

advice and that Chen is inconsistent with the law of this

circuit.

This circuit has not held that attorney-client communications are presumptively privileged.[3]  Rather the First Circuit has made clear that the party asserting privilege with respect to a document provided by the lawyer has the burden to prove that the privilege exists.  See Dep't of the Interior, 298 F.3d at 71; Bay State Ambulance, 874 F.2d at 27-28; Wilson, 798 F.2d at 512.  Therefore, the magistrate judge's failure to apply a presumption of privilege is hardly clear error, but, rather, a correct application of First Circuit law.

Leaving aside the fact that Chen does not establish the law of this circuit, the presumption articulated in Chen is not applicable here.  Chen involved communications made by clients to their attorneys.  99 F.3d at 1500-1501.  The Chen presumption, then, applies to the first and second elements of the Cavallaro test — whether a client sought legal advice from a lawyer acting in his capacity as a lawyer.  See Chen, 99 F.3d at 1501 ("if a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice' ").  This case, however, involves a document transmitted by an attorney to his client, so the applicable test is not the

---

[3] The Ninth Circuit's decision in Chen, moreover, articulates no such presumption.  Rather, the Chen presumption is that when a person hires a lawyer for advice, the advice the client is seeking is legal advice, as opposed to some other kind of advice.  See Chen, 99 F.3d at 1501.

<u>Cavallaro</u> test but the four-part test articulated in <u>Dep't of the</u> <u>Interior</u>, 298 F.3d at 71, a test not at issue in <u>Chen</u>. Accordingly, the magistrate judge did not err in failing to apply the <u>Chen</u> presumption in this case.

Further, even if the magistrate judge did err in determining that the April 13 letter was not privileged, any privilege that may have attached was waived when Vogelsinger passed the letter on to Knights.  Generally, disclosing privileged information to a third party waives the attorney-client privilege.  <u>See</u> <u>Cavallaro</u>, 284 F.3d at 246-47.  However, where a third party is "employed to assist a lawyer in rendering legal advice," the disclosure of information to the third party does not waive the privilege.  <u>Id.</u> at 247.

Here, Freestar argues that the privilege was not waived, because Tracey Edwards was "necessary, or at least highly useful," to the rendering of legal advice about the name change. <u>Id.</u> at 246 (quoting <u>United States v. Kovel</u>, 296 F.2d 918, 922 (2d Cir. 1961)).  Flagstar counters that Tracey Edwards was not involved in the rendering of any legal advice and that Freestar waived the privilege by voluntarily disclosing the letter to Knights.

Cavallaro holds that to avoid waiver, the disclosure of
information to a third party must be "necessary, or at least
highly useful," to the "facilitating of a legal communication"
between the client and his lawyer.  284 F.3d at 246-47.
Therefore, to avoid waiver in this case, the disclosure of the
letter to Knights must have been necessary to his assisting
Barack Ferrazano in providing legal advice to Freestar.  But
Vogelsinger did not pass the letter on to Knights so that he
could assist Barack Ferrazano in providing legal advice to
Freestar about the name change.[4]  Rather, Vogelsinger passed the
letter on to Knights to help him decide upon a new name.  Thus,
any privilege that attached to the letter was waived.


        **C.    The September 4 and 5 Emails**

    With respect to the September 4 and 5 emails, Freestar
argues that the magistrate judge erred in finding that Freestar
waived its right to claim that the emails are privileged, by
ruling as he did on the merits, and by failing to recognize that
the emails were generated in an effort to transmit information to
counsel for legal review.

---

[5] The magistrate judge in the Northern District of Illinois made
a similar ruling, stating that Freestar "failed to meet its
burden of showing that the letter was disclosed to Mr. Knights
for the 'rendition of legal advice' or the 'protection of a
legal interest'."  (Memo. Op. & Order (document no. 29-2), at
13.)

Freestar first argues that the magistrate judge incorrectly concluded that it waived any argument regarding the emails when it failed to claim that the emails are privileged in its motion to quash.  Flagstar counters that, given the fact that Freestar knew of the emails when it filed the motion to quash but did not mention them, the magistrate judge properly exercised his discretion not to consider Freestar's belated arguments that the emails are privileged.

The magistrate judge correctly noted that where an argument appears for the first time in a motion for reconsideration, "the district court has substantial discretion in deciding whether . . . to allow the losing party to argue new material or a new theory."  Appeal of Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987); see also Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (stating that a motion for reconsideration is "not a promising vehicle for revisiting a party's case").

Freestar was aware of the September 4 and 5 emails at the time it filed the motion to quash, yet chose not to argue that they are privileged.  Freestar served Flagstar with an updated privilege log, which contained a reference to the emails, on the same day it filed the motion to quash.  Moreover, even after Flagstar argued that the emails are not privileged in its

objection to the motion to quash, Freestar did not file a reply
to Flagstar's objection or otherwise argue that the emails are
privileged.  The magistrate judge was thus well within his
discretion in ruling that Freestar waived any argument that the
emails are privileged.

Turning to the merits, Freestar argues, in reliance on <u>Muro</u>
<u>v. Target Corp.</u>, 250 F.R.D. 350, 363 (N.D. Ill. 2007), that the
magistrate judge should have considered the emails as a string
and thus determined that they are privileged in their entirety.
In <u>Muro</u>, the court held that a party served with a subpoena was
not required to individually list emails in its privilege log but
could list related emails as a string.  <u>Id.</u> at 363.  Here,
however, Freestar's privilege log already listed the September 4
and 5 emails individually.  <u>Muro</u> says that a court cannot force a
party to individually list emails that appear in a privilege log
as a string; it does not say that a court must string together
emails that are listed separately.  Therefore, the magistrate
judge's decision not to consider the September 4 and 5 emails as
a string is not clearly erroneous or contrary to law.

Additionally, the type of email at issue in <u>Muro</u> is not
analogous to the emails in this case.  <u>Muro</u> suggests that an
email which forwards to counsel information contained in a

previous email might be privileged.  Id.  No such email is at
issue here.  The September 4 email from Kearney to Vogelsinger
and Dixon was not forwarded to counsel but sent by counsel.
Further, the September 4 email contains no information from a
previous email.  Finally, the September 5 email from Knights is a
reply to the September 4 email.  Muro is thus unhelpful.

     Freestar next argues that the magistrate judge's ruling is
clearly erroneous because the emails were generated to provide
documents to Barack Ferrazano for legal review.  As the privilege
log indicates, Kearney sent the September 4 email to Dixon and
Vogelsinger to gather discovery documents which Flagstar had
requested.  Dixon sent the September 4 email to Knights, whose
September 5 email is a response to the request for documents.
Viewed in this context, the purpose of the emails was not to
provide documents to Barack Ferrazano for legal review but, as
the magistrate judge found, merely to gather discovery documents
for Flagstar.

     Although Cuno, Inc. v Pall Corp. holds that communications
between non-attorneys may be privileged where they are
transmitted to counsel for the purpose of obtaining legal advice,
121 F.R.D. 198, 203 (E.D.N.Y. 1988), in this case, the September
5 email from Dixon to Knights was not transmitted for such a

purpose.  Rather, the September 4 and 5 emails are better understood as a response to Flagstar's discovery request.  <u>Cuno</u> says nothing about privilege with respect to communications transmitted to counsel for the purpose of responding to discovery requests.  Accordingly, the magistrate judge's ruling that the emails are not privileged is not clearly erroneous or contrary to law.

        **D.    Trademark Searches**

Finally, Freestar argues that the magistrate judge's ruling that trademark searches are not privileged is clearly erroneous, and  underscores the fact that opinions based on trademark searches and communications between a client and his or her attorney regarding trademark searches are privileged.  Flagstar responds that even if the trademark search transmitted by the April 13 letter were privileged, Freestar waived the privilege by disclosing the letter to Knights.  Further, Flagstar argues that Freestar is obligated to redact the privileged portions of the letter and disclose the rest of it.

As an initial matter, the magistrate judge's comment about trademark searches was made in the context of ruling that the September 5 email does not contain privileged information, not as a basis for his ruling that the letter is not privileged.  But,

even if the magistrate judge's statement about trademark searches
relates to the letter, the magistrate judge correctly recited the
applicable law when he stated that trademark searches are not
privileged but only the legal advice based on the searches is
privileged.  Contrary to Freestar's assertion, the case cited by
the magistrate judge reaffirms rather than contradicts his
comment about trademark searches.  See <u>Klayman v. Freedom's
Watch</u>, No. 07-22433-CIV, 2007 WL 4414803, at *5 (S.D. Fla. Dec.
14, 2007) (holding that a defendant who had turned over a
trademark search was not required to turn over privileged
communications which contained legal advice about that search).

Here, the April 13 letter is merely a transmittal of a
trademark search performed by McCaleb; it contains no legal
advice with respect to that search and thus is not privileged.
Similarly, the September 5 email references a trademark search, a
patent search, and a domain name search, but it does not reveal
any confidential information or legal advice based on those
searches.  Therefore, the magistrate judge's ruling regarding
trademark searches is not clearly erroneous or contrary to law.

## IV.  <u>CONCLUSION</u>

For the reasons given, the magistrate judge's order
(document no. 19) is affirmed.  Accordingly, Freestar is ordered

to produce the four documents at issue, and the clerk of the court is directed to close this case.

        **SO ORDERED.**

                                            _____

                                            Steven J. McAuliffe
                                            Chief Judge

November 9, 2009

cc:   William C. Saturley, Esq.
      Holly J. Kilibarda, Esq.
      Robert A. Kearney, Esq.
      Stephen D. Coppolo, Esq.
      Chanille Carswell, Esq.